Jose A. NUÑEZ SANTIAGO, et al., Plaintiffs,

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, et al., Defendants.**

No. CIV. 99–2280(RLA).

United States District Court, D. Puerto Rico.

May 10, 2002.

---

3. *See also* PREPA's Opposition... (docket No. 121) and plaintiffs' Reply... (docket No. 122).

4. The date when the complaint was filed.

Jorge M. Izquierdo–San Miguel, Esq., Izquierdo Stella & Izquierdo San Miguel, San Juan, for Plaintiff or Petitioner.

José A. Gallart, Esq., San Juan, for Defendant or Respondent.

### *ORDER IN THE MATTER OF RE-QUEST FOR PARTIAL NEW TRI-AL AS TO ISSUE OF DAMAGES OF PLAINTIFFS JOSE A. NUÑEZ AND MIREIDI GOMEZ GONZA-LEZ*

ACOSTA, District Judge.

Plaintiffs have moved the court to vacate the damages awarded to plaintiffs JOSE A. NUÑEZ and MIREIDI GOMEZ GON-ZALEZ arising from the injuries sustained by their minor son as inadequate. The court having reviewed the arguments set forth by the defendants PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA") and its insurer hereby finds as follows.

### PROCEDURAL BACKGROUND

This case arose from an accident involving the minor ALBERTO NUÑEZ, petitioner's minor son, who sustained severe burns when he came into contact with an electrical switching unit property of the defendant PREPA which required partial amputation of his arm and some toes.

After an eight-day trial the jury found PREPA 100% negligent and awarded the minor $2,132,000.00 for all his claims and his parents a total of $50,000.00 for both.[1]

The parents contend that their award is unreasonably low and merits a partial new trial limited to this issue. Defendants argue the verdict should stand because there was evidence that the parents were also negligent and the evidence of their Post Traumatic Stress Disorder was undermined by defendants' expert witness.

### NEW TRIAL

■ Trial courts are empowered to vacate judgments and order new trials "when the verdict is against the clear weight of the evidence". *PRASA v. Constructora Lluch, Inc.*, 169 F.3d 68, 77 (1st Cir.1999) (quoting *Phav v. Trueblood, Inc.*, 915 F.2d 764, 766 (1st Cir.1990)).

■ Defendants rely on the evidence of comparative negligence introduced by them at trial to justify the low award. However, the jury declined to find the parents liable in any degree for the accident. On the contrary, it determined that it was PREPA who was 100% responsible for the incident. Faced with this scenario it would be improper for the jury to reduce plaintiffs' award based on their purportedly negligent acts or omissions while at the same time decline to hold them responsible for such conduct. Thus, we find this argument without merit.

Defendants also downplay the mental suffering of the parents claiming the jury heard contradictory evidence regarding

---

1. MR. NUÑEZ was awarded $30,000.00 and his wife $20,000.00.

the diagnosis of Post Traumatic Stress Disorder made by DR. AGUSTIN GARCIA. Even though the opinions of the experts who testified at trial may have differed on the degree and/or permanent nature of the psychological sequelae the petitioners may have sustained as a result of their son's accident and disabling conditions there is in the record abundant uncontroverted evidence of their substantial mental suffering and anguish from witnessing their son's nearly fatal accident as well as his slow, excruciatingly painful recovery.[2]

Therefore, even assuming that they have been able to overcome any lasting psychological trauma as defendants' expert opined, the tribulations experienced by JOSE A. NUÑEZ and MIREIDI GOMEZ GONZALEZ, as parents of a young child in: (1) witnessing their son's life-threatening accident and facing his possible death from burns; (2) watching him suffer excruciating pain associated with those burns and the treatment thereof; (3) having to authorize the amputation of his arm just below the elbow and various toes, and (4) being forced to relocate to the United States are unequivocally worth more than $30,000.00 to the minor's father and $20,000.00 to the minor's mother in this case.

## CONCLUSION

Based on the evidence presented at trial we find that the award for the minor's parents was unreasonably low and grossly inadequate and the Motion Requesting Partial New Trial as to the Issue of Damages... (docket No. **111**)[3] is **GRANTED**.

Accordingly, the jury verdict regarding the damages of JOSE A. NUÑEZ and MIREIDI GOMEZ GONZALEZ is hereby **VACATED AND SET ASIDE**.

It is further ORDERED that a new trial limited to the damages of JOSE A. NUÑEZ and MIREIDI GOMEZ GONZALEZ shall be held.

IT IS SO ORDERED.

---

2. The evidence appears summarized at page 4 of plaintiffs' motion.

3. *See* Opposition... filed by defendants (docket No. 118).